THIRD DIVISION
MARCH 31, 2008

No. 1-06-1950

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 29550 |
| | ) | |
| JOSE FLORES, | ) | The Honorable |
| | ) | John Kirby, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

Following a jury trial, defendant, Jose Flores, was convicted of possession with the intent to deliver cocaine and possession with the intent to deliver cannabis and sentenced to concurrent terms of 14 years' and 3 years' imprisonment, respectively. On appeal, defendant contends that the trial court abused its discretion by failing to resolve jury confusion during deliberations. Defendant further contends that the trial court improperly barred the jurors from discussing and sharing their trial notes during deliberations. Defendant finally contends that his mittimus must be corrected to accurately reflect the number of days credit he received for time spent in custody.

Defendant does not challenge the sufficiency of the evidence supporting his conviction; therefore, we briefly summarize only those facts necessary for the disposition of the instant appeal. On November 17, 2004, the police executed a search warrant at 4636 South Paulina Avenue, Chicago, Illinois, based upon information from an informant that he had purchased cocaine at that location. While executing the warrant, the police discovered defendant in the

apartment with cocaine and cannabis and further recovered narcotics distribution materials and over $3,000 in cash in a bedroom closet. Defendant was arrested and confessed that the drugs belonged to him. Defendant was subsequently charged with one count of possession of 400 to 900 grams of cocaine with the intent to deliver (720 ILCS 570/401(a)(2)(C) (West 2004)) and one count of possession of 30 to 500 grams of cannabis with the intent to deliver (720 ICLS 550/5(d) (West 2004)).

Upon commencement of defendant's trial, the court advised the jurors that they were allowed to take notes during the trial, but the notes should remain confidential. The court further instructed the jurors to primarily rely on their own recollection of the evidence and not let their or any other juror's notes replace their memory. At the close of evidence, the jury ultimately found defendant guilty of both charged counts; however, during deliberations, the jury asked, "if the drugs are over 400 G and less than 900 G or over 30 G and less than 500, is it automatically intent according to the law?" The trial court shared the jury's question with defense counsel and the State. The parties agreed with the court's response that, "you have heard all the testimony and received all the evidence and instructions, please continue to deliberate." Defendant was later sentenced as previously described. This timely appeal followed.

We review the legal issues presented in this appeal *de novo*. People v. Herron, 215 Ill. 2d 167, 174 (2005).

Defendant first contends that the trial court abused its discretion in failing to resolve jury confusion during deliberations. In the alternative, defendant argues that his counsel was ineffective for not objecting to the trial court's suggested response to the jury's inquiry. The

1-06-1950

State responds that defendant was waived review of this issue on appeal.

At the outset, we note that defendant concedes he did not preserve this issue for our review because he did not object to the court's proposed response at trial and did not raise the issue in his posttrial motion. People v. Enoch, 122 Ill. 2d 176, 186 (1988). The State further highlights the fact that defense counsel agreed with the trial court's proposed answer to the jury's inquiry and, therefore, the State argues that defendant invited the alleged error. People v. Reid, 136 Ill. 2d 27, 38 (1990) ("[w]here a defendant acquiesces in the circuit court's answer to the jury's question, the defendant cannot later complain that the circuit court abused its discretion"). In situations where a defendant either invites or agrees with a procedure at trial and then later challenges that procedure on appeal, the supreme court has determined that the circumstance exceeds the bounds of waiver and has considered it an issue of estoppel. People v. Harvey, 211 Ill. 2d 368, 385 (2004). Accordingly, because defendant agreed with the suggested response to the jury question and failed to raise this challenge in his posttrial motion, defendant has forfeited review of the issue.

Notwithstanding, defendant urges this court to apply the plain error analysis to his claim. Pursuant to the plain error rule, a reviewing court may consider an issue that was not properly preserved if the evidence is closely balanced or where the error is so fundamental and of such magnitude that it deprived the defendant of a fair trial. Harvey, 211 Ill. 2d at 387; see 134 Ill. 2d. R. 615(a). The plain error rule is reserved for limited and narrow circumstances (Herron, 215 Ill. 2d at 177) and applies only where the plain error affected the defendant's substantial rights (People v. Smith, 321 Ill. App. 3d 523, 529 (2001)). Moreover, the burden of persuasion rests

-3-

1-06-1950

with the defendant.  Herron, 215 Ill. 2d at 187.

We must first determine whether defendant's complained-of "error" actually constitutes an error because application of the plain error rule presumes that an error occurred in the trial court. Herron, 215 Ill. 2d at 187.  In general, even where the jury was properly instructed, the trial court has a duty to instruct a jury when "it has posed an explicit question or requested clarification on a point of law arising from facts about which there is doubt or confusion." People v. Childs, 159 Ill. 2d 217, 229 (1994); citing Reid, 136 Ill. 2d at 39.  Nevertheless, it is within the trial court's discretion to decline to answer a jury's question where the readily ascertainable instructions sufficiently explain the law; where further instruction would serve no useful purpose or would potentially confuse the jury; when the jury's inquiry involves a question of fact; or where answering the jury's question might cause the court to express an opinion that would likely direct the jury's verdict.  Childs, 159 Ill. 2d at 228, citing Reid, 136 Ill. 2d at 39.

In the case at bar, the jury asked, "if the drugs are over 400 G and less than 900 G or over 30 G and less than 500, is it automatically intent according to the law?" and, after consulting with both parties, the court responded that, "you have heard all the testimony and received all the evidence and instructions, please continue to deliberate."  The jury was previously instructed with the elements of possession with intent to deliver both cannabis and a controlled substance and was further provided the legal definition of intent.  Specifically, the jury received Illinois Pattern Jury Instructions, Criminal, Nos. 17.06, 17.18 and 5.01A (4th ed. 2000) (hereinafter IPI Criminal (4th) Nos. 17.06, 17.18 and 5.01A), where the jurors were instructed:

"To sustain the charge of possession with intent to deliver cannabis when the

-4-

1-06-1950

substance containing the cannabis weighed more than 30 grams but not more than 500 grams, the State must prove the following propositions:

First Proposition: That the defendant knowingly possessed with intent to deliver a substance containing cannabis; and

Second Proposition: That the weight of the substance possessed was more than 30 grams but not more than 500 grams.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty." IPI Criminal (4th) No. 17.06.

The jurors were further instructed with IPI Criminal (4th) No. 17.18:

"To sustain the charge of possession with intent to deliver a controlled substance when the substance containing the controlled substance weighed 400 grams or more but less than 900 grams, the State must prove the following propositions:

First Proposition: That the defendant knowingly possessed with intent to deliver a substance containing cocaine, a controlled substance; and

Second Proposition: That the weight of the substance containing the controlled substance was 400 grams or more but less than 900 grams.

If you find from your consideration of all the evidence that each one of these

-5-

propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

Moreover, IPI Criminal (4th) No. 5.01A defines intent as "[a] person intends to accomplish a result or engage in conduct when his conscious objective or purpose is to accomplish that result or engage in that conduct."

The State argues that the instructions received by the jury were legally adequate. Defendant disagrees on the basis that there was no instruction resolving whether intent could ever be presumed, thereby allowing the jury to potentially conclude that intent to deliver is presumed when a defendant possesses the amounts of controlled substances recovered in defendant's case. Defendant instead argues that the jury should have been provided with a nonexhaustive list of factors that can be considered in determining whether an individual intended to deliver a controlled substance, namely, *inter alia*, possessing an amount too large for personal consumption; the purity of the controlled substance; possessing large amounts of cash; possessing drug paraphernalia; and packaging of the controlled substance. People v. Robinson, 167 Ill. 2d 397, 408 (1995).

Discounting the fact that defendant raises this request for the first time on appeal, we conclude that instructing the jury as requested would have potentially confused the jury or may have caused the court to express an opinion that would have influenced the jury's verdict. See

<u>Childs</u>, 159 Ill. 2d at 228, citing <u>Reid</u>, 136 Ill. 2d at 39. The instructions clearly advised the jury that it must find that defendant both possessed the named drugs with the intent to deliver them and that the drugs weighed the specified amount. IPI Criminal (4th) Nos. 17.06, 17.18. The jury was additionally instructed that, in order to find intent to engage in conduct, *i.e.*, delivery, defendant must have had the conscious objective to deliver the drugs. IPI Criminal (4th) No. 5.01A. We, therefore, conclude that further advising the jury to consider the amount of the recovered drugs and whether it was too large for defendant's personal consumption, the recovered drug paraphernalia and distribution materials and the over $3,000 of cash recovered in a bedroom closet potentially would have caused the jurors to presume delivery or caused the jurors to direct the verdict against defendant in light of the court's request to consider additional factors that seemingly pointed toward defendant's guilt. Accordingly, we find that the trial court did not err in its suggested response. Consequently, we conclude that defense counsel was not ineffective for failing to object to the response offered to the jury's inquiry where that response was not an error.

Defendant next contends that the trial court improperly prohibited the jurors from discussing and sharing their trial notes during deliberations. Specifically, defendant argues that, prior to trial and at the close of evidence, the court erroneously instructed the jurors that their notes were for their use only and could not be shared with other jurors. The State responds that defendant failed to preserve this issue and has therefore waived review of it on appeal. In the alternative, the State argues that the trial court did not err in instructing the jurors that they must keep their actual notes confidential.

1-06-1950

Defendant concedes that he failed to preserve this issue because he did not object to the trial court's instructions related to the jury's note-taking and did not include the claim in his posttrial petition. People v. Enoch, 122 Ill. 2d at 186. Nevertheless, defendant argues that we should relax the waiver rules and review the issue because it involves the trial judge's conduct (People v. Strong, 274 Ill. App. 3d 130, 135 (1995)) and is an issue of first impression (People v. Abadia, 328 Ill. App. 3d 669, 675 (2001)). To the extent that the parties have not cited, and our research has not revealed, case law on this issue, we will address the merits of defendant's claim. See Esaw v. Friedman, 217 Conn. 553, 563, 586 A.2d 1164, 1169 (1991).

Prior to the introduction of the trial evidence, the judge instructed the jurors:

"You have the right to take notes during the course of this trial. Note pads have been provided for your convenience. Please place your name on the cover of your note pad. No one else will be allowed to look at your notes at any time.

You do not have to take notes. This is entirely up to you. I have no preference one way or another. If you do take notes don't let that stop you from listening to all of the evidence.

You may use your notes to refresh your memory at any time. Your notes are for your own use only, not for any other jurors. Do not show them to anyone at any time. That includes other jurors and it includes a time when you are deliberating on your verdict.

You should rely upon your own memory of the evidence. If your notes conflict with your memory or if someone else's notes conflict with your memory you are free to use your own memory of the evidence. Just because a juror has taken notes does not

1-06-1950

mean that his or her memory of the evidence is any better than the memory of a juror who
has not taken notes.

   Your notes will not leave this courtroom. They will be collected by the deputy
sheriff when you leave the courtroom. At the end of the trial the notes will be collected
and destroyed by the deputy sheriff. No one will be allowed to look at the notes before
they are destroyed. Your notes if you choose to take them are entirely your own."

Then, at the close of evidence and prior to the jury's deliberations, the court instructed the jurors
with IPI Criminal (4th) No. 1.05, which provides:

   "Those of you who took notes during trial may use your notes to refresh your
memory during jury deliberations.

   Each juror should rely on his or her recollection of the evidence. Just because a
juror has taken notes does not necessarily mean that his or her recollection of the evidence
is any better or more accurate than the recollection of a juror who did not take notes.

   When you are discharged from further service in this case, your notes will be
collected by the deputy and destroyed. Throughout that process, your notes will remain
confidential and no one will be allowed to see them."

Further, section 115-4(n) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-
4(n) (West 2004)) posits:

   "The members of the jury shall be entitled to take notes during the trial, and the
sheriff of the county in which the jury is sitting shall provide them with writing materials
for this purpose. Such notes shall remain confidential, and shall be destroyed by the sheriff

-9-

after the verdict has been returned or a mistrial declared."

Reading the trial court's instructions in combination with the statute, we find that no error occurred. Both the statute and the IPI instruct that jurors may take notes, but the notes shall remain confidential. See 725 ILCS 5/115-4(n) (West 2004); IPI Criminal (4th) No. 1.05. The obvious purpose for the confidentiality requirement is to prevent jurors from being overly influenced by written notes instead of using their memory of the facts to decide the case. Directly in line therewith, the court admonished the jurors not to place too much emphasis on their notes, but rather to draw upon their recollections of the testimony and evidence presented at trial. Moreover, instructing the jurors not to physically share their notes yet advising the jurors that any conflicts with their individual or fellow jurors' notes should be resolved in favor of their personal memory of the facts plainly accomplishes the purpose of the statute and jury instruction. We find support in Representative Cullerton's comments regarding the statute, where he stated that "we make it clear that these notes shall be confidential, that they will be destroyed by the sheriff, after the verdict ***. So the purpose of this Bill is to define, give a little more flesh to this right of a juror to take notes, to make it clear that these notes will be destroyed after a verdict." 83d Ill. Gen. Assem., House Proceedings, April 5, 1983, at 31 (statements of Rep. Cullerton). Accordingly, we find no error in the trial court's instructions regarding jury note-taking. Furthermore, even assuming, *arguendo*, that the court's admonishments exceeded the bounds of the statute and jury instruction, we find that any error was harmless where the evidence supporting the jury's verdict was overwhelming. Strong, 274 Ill. App. 3d at 135.

Defendant finally contends, and the State concedes, that his mittimus must be corrected to

1-06-1950

accurately reflect the number of days he spent in custody prior to sentencing.

Defendant's mittimus currently reflects that he received credit for 572 days spent in custody; however, defendant actually spent 574 days in custody prior to his sentencing.  Remand is unnecessary to correct defendant's mittimus because, under Supreme Court Rule 615(b)(1) (134 Ill. 2d R. 615(b)(1)), this court has authority to order the clerk to make the necessary correction.  People v. McCray, 273 Ill. App. 3d 396, 403 (1995).  Accordingly, we instruct the circuit clerk to correct defendant's mittimus to reflect 574 days of credit for time spent in custody.

Accordingly, we affirm the judgment of the circuit court of Cook County and order the circuit clerk to correct defendant's mittimus as instructed.

Affirmed; mittimus corrected.

QUINN, P.J., and CUNNINGHAM, J. concur.