2015 IL App (1st) 131600
No. 1-13-1600
Opinion filed August 5, 2015

Third Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 12 C6-60791 |
| | ) | |
| EDWARD L. BURTON, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Brian Flaherty, |
| | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Lavin and Mason concurred in the judgment and opinion.

**OPINION**

¶ 1       A jury convicted defendant Edward Burton for the burglary of a car parked in a factory lot. The employee who had driven the car to work and his supervisor saw Burton standing near the car's open trunk. They called police who found an iPod belonging to the employee in Burton's pocket. Burton was sentenced to nine years in prison. Burton argues: (1) he was denied a fair trial when the State introduced into evidence a photograph of the factory parking lot that included a "no trespassing" sign, because the State failed to show the photo accurately depicted the parking lot on the date of the crime or show its relevancy to the burglary charge, and the

photo prejudiced him by suggesting he committed another uncharged criminal act; (2) the trial court erred in granting defense counsel's request for a jury instruction for the lesser-included offense of criminal trespass without asking Burton if he agreed with the instruction and understood its consequences; (3) the trial court abused its discretion by sentencing him to nine years in prison given the nature of the offense and his non-violent criminal history; and (4) the mittimus should be corrected to reflect 314 days of credit for time served in custody before sentencing.

¶ 2        We agree with Burton regarding the mittimus but disagree with his other arguments. We hold that the trial court did not err in permitting the State to admit into evidence the objected to photograph of the parking lot. As to the court's failure to ask Burton if he agreed with his counsel's request for a lesser-included jury instruction, though error, it was not plain error. Further, the trial court did not abuse its discretion in sentencing Burton to nine years, which was within the statutory range of six to 30 years. Accordingly, we affirm Burton's conviction and sentence and correct the mittimus to reflect 314 days of credit for time served in custody.

¶ 3                                BACKGROUND

¶ 4        On June 16, 2012, at about 12:45 a.m., as Raul Ventura left his job at the Bar Processing Corporation plant, he noticed his car had been broken into. Ventura returned to the plant and notified his supervisor, Deandra Akins. Ventura and Akins went to the parking lot and saw Burton standing near the open trunk of Ventura's car. Akins called the police. The police searched Burton and found an iPod in his pocket, which Ventura said belonged to him and had been in the driver's side pocket of the car. Burton was arrested and charged with burglary (720 ILCS 5/19-1(a) (West 2012)).

¶ 5        Before trial, defense counsel objected to a photograph of the plant parking lot that showed a red "no trespassing," sign on the front of the gate to the parking lot. Defense counsel argued (1) the State had not shown the presence of the "no trespassing" sign on June 16, 2012, (2) the photo was unduly prejudicial because it suggested Burton committed another criminal act, trespassing, for which he was not charged, and (3) the State had other photographs of the lot that did not include the sign. The trial court denied the motion, finding the photograph depicted where the crime took place and its relevancy outweighed any prejudicial effect.

¶ 6        At trial, Ventura testified that on June 16 he was working the second shift at the Bar Processing Corporation plant in Chicago Heights. Ventura drove his girlfriend's car, a 2000 Mazda Protégé, to work and she drove his truck, because he had a longer commute. At 12:45 a.m., when his shift ended, Ventura left the plant, carrying a portable stereo he brought to work. He went to the driver's side door and noticed it was unlocked, even though he had locked it. Ventura opened the front driver's side door and saw strewn around the car papers and CDs, which had been in the glove compartment. He popped the trunk, put his stereo in, closed it, and returned to the plant to inform his supervisor, Deandra Akins, that the car had been broken into. Ventura and Akins went out to the parking lot. Ventura saw a man standing near the car's now open trunk. When Ventura got closer to the car, he noticed the man, whom he identified as Burton, moving his hands inside the trunk. Ventura told Akins to call the police. Ventura asked Burton what he was looking for. Burton began walking toward the parking lot exit, but Ventura and Akins stood in front of him until the police arrived.

¶ 7        Ventura testified that police officers arrived a few minutes later, grabbed Burton, and put him in the squad car. The police told Ventura to go to the car to determine if anything was missing. Ventura noticed that an iPod he had left in the driver's side door pocket was gone.

Ventura described the iPod as black and green with a cracked screen. The police officers showed Ventura an iPod, which he identified as his. Ventura said he did not see the police take the iPod from Burton and that it must have been in the backpack Burton was carrying.

¶ 8        Deandra Akins testified that Ventura approached him in the plant and said that somebody was "rambling" through his car. Akins accompanied Ventura to the parking lot and saw the car's trunk up. Akins then saw Burton come around from behind the car trunk. Akins asked Burton what he was doing behind the car. Burton responded that he was looking for something and was trying to find somewhere to sleep. Burton tried to leave the parking lot but Akins and Ventura blocked his way. Akins called the police who arrived in minutes and took Burton into custody. Akins saw the police search Burton but did not see them recover an iPod.

¶ 9        The State showed Akins three photographs of the plant's parking lot. Defense counsel renewed his objection to the photo with the "no trespassing" sign. The trial judge overruled the objection, stating "same ruling as it was before. I think it's relevant." Akins testified that the photos fairly depict the plant parking lot.

¶ 10        Officer Murchek testified that she responded to Akins' call and when she arrived at the plant saw Burton, Ventura, and Akins standing in the driveway. Murchek performed a protective pat-down search of Burton and recovered a pocket knife and an iPod from his pocket. Murchek placed the knife and the iPod on the trunk of her squad car. Three other police officers arrived and spoke with Ventura and Akins. The officers told Ventura to go to his car to determine if anything was missing. When Ventura returned, he told the officers his iPod was missing. Murchek showed Ventura the iPod she found in Burton's pocket, and Ventura said it belonged to him. Murchek placed Burton into custody.

¶ 11     After both sides rested, defense counsel requested a jury instruction on the lesser included offense of criminal trespass to a vehicle (720 ILCS 5/21-2 (West 2012)). The trial court allowed the instruction over the State's objection.

¶ 12     The jury found Burton guilty of burglary. The trial court denied Burton's motion for a new trial. Burton was sentenced to nine years in prison as a Class X felon. His motion to reconsider the sentence was denied.

¶ 13                              ANALYSIS

¶ 14                    Admissibility of Crime Scene Photograph

¶ 15     During Deandra Akins' testimony, the State showed him a photograph showing a "no trespassing" sign on the gate of the plant parking lot. Burton contends he was denied a fair trial because (1) the State failed to prove the sign was on the gate when the burglary occurred, (2) the photo was irrelevant to the State's case because he was not charged with trespassing, and (3) was prejudicial, because it suggested he committed a crime, criminal trespass to real property (720 ILCS 5/21-3 (West 2012)), for which he was not charged.

¶ 16     The State asserts that Burton forfeited this argument by failing to raise it in his posttrial motion. To preserve an issue for review, a party ordinarily must raise it at trial and in a written posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Failure to do so operates as a forfeiture of the issue on appeal. *People v. Ward*, 154 Ill. 2d 272, 293 (1992). Burton concedes he did not raise the issue in his motion for a new trial but asks us to review it as plain error. Under the plain error doctrine, we may review a forfeited error when either (1) "the evidence in a case is so closely balanced that the jury's guilty verdict may have resulted from the error and not the evidence" or (2) "the error is so serious that the defendant was denied a substantial right, and thus a fair trial." *People v. Herron*, 215 Ill. 2d 167, 178-79 (2005). Rather than operating as a

general savings clause, plain error is construed as a narrow and limited exception to the typical forfeiture rule applicable to unpreserved claims. *Id*. at 177. The burden of persuasion rests with the defendant under both prongs of plain error analysis. *Id*. at 187. While intended to ensure a defendant receives a fair trial, the doctrine does not guarantee every defendant a perfect trial. *People v. Johnson*, 238 Ill. 2d 478, 484 (2010).

¶ 17     First, we must first determine whether any error occurred. *People v. Bannister*, 232 Ill. 2d 52, 65 (2008).

¶ 18     Burton challenges the relevancy of the photograph with the "no trespassing" sign to the burglary charge and also contends the photograph was cumulative because the State had other photographs of the parking lot. The trial court found that the photo with the "no trespassing" sign relevant in that it showed the parking lot where the crime occurred and its relevancy outweighed any prejudicial effect. Generally, evidentiary rulings fall within the sound discretion of the trial court and will be disturbed only for an abuse of discretion, and Burton has not demonstrated an abuse of discretion. *People v. Robinson*, 217 Ill. 2d 43, 62 (2005).

¶ 19     Burton also contends the sign constituted improper other crimes evidence. The State may only introduce evidence of other crimes if it is relevant to certain issues, such as *modus operandi*, identity, common plan or scheme, intent, motive or absence of mistake. *People v. Thigpen*, 306 Ill. App. 3d 29, 35-36 (1999). The prosecution may not introduce this kind of evidence to support the inference that the defendant committed the offense charged because he or she has a propensity to commit crimes. *Id*. at 36. The danger is that the jury might convict the defendant simply because it feels he or she is a bad person. *Id*.

¶ 20     To support his argument that the "no trespassing" photograph constituted improper other crimes evidence, Burton relies on *People v. Jackson*, 399 Ill. App. 3d 314 (2010). But in

*Jackson*, the State introduced into evidence several statements the defendant made while in custody including repeated references to his own drug use. *Id*. at 320. Here, no evidence or testimony suggests Burton committed any crime other than the burglary. The State showed Akins the photograph to determine if it accurately depicted the plant parking lot and Akins answered that it did.

¶ 21       Thus, the trial court did not err in denying Burton's request to exclude the photograph because the finding of relevancy was not an abuse of discretion and the photograph did not constitute improper evidence of other crimes.

¶ 22       Alternatively, Burton contends ineffective assistance of counsel for his attorney's failure to object when the photograph was formally admitted into evidence and when it was sent to the jury in deliberations and for failing to preserve the issue in the motion for a new trial. To establish a claim of ineffective assistance of counsel, a defendant must show: (1) the attorney's representation fell below an objective standard of reasonableness; and (2) prejudice by this deficient performance. *People v. Flowers*, 2015 IL App (1st) 113529, ¶ 41 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). "Failure to make the requisite showing of either deficient performance or sufficient prejudice defeats the claim." *Flowers*, 2015 IL App (1st) 113529, ¶ 41. The prejudice prong requires the defendant show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v. Simpson*, 2015 IL 116512, ¶ 35.

¶ 23       The evidence of Burton's guilt was not so closely balanced as to present doubt. Two eyewitnesses saw Burton in the parking lot near the open trunk and the police found Ventura's iPod in Burton's pocket. Given this eyewitness testimony, defendant has not shown a reasonable probability that he would have been acquitted if the photograph had not been admitted into

evidence or given to the jury during its deliberations. Accordingly, having failed to show prejudice, Burton's claim of ineffective assistance fails.

¶ 24                                Lesser Included Instruction

¶ 25        Burton next argues that the trial court erred in neglecting to ask him whether he agreed with defense counsel's request that the jury be instructed on the lesser-included offense of criminal trespass to vehicle. Burton concedes the issue was not properly preserved for appellate review and invokes the plain error doctrine to avoid forfeiture. Ill. S. Ct. R. 615(a).

¶ 26        In *People v. Ramey*, 152 Ill. 2d 41 (1992), our supreme court identified four determinations that ultimately belong to a defendant in criminal cases: (1) what plea to enter; (2) whether to waive a jury trial; (3) whether to testify on his or her own behalf; and (4) whether to appeal. *Id*. at 54. The court further held that "[b]eyond these four decisions, however, trial counsel has the right to make the ultimate decision with respect to matters of tactics and strategy after consulting with his client. Such matters include what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike and what trial motions should be made." *Id*. Thereafter, in *People v. Brocksmith*, 162 Ill. 2d 224 (1994), the court added a fifth right to the list enumerated in *Ramey*—a criminal defendant has the exclusive right to decide whether or not to submit an instruction on a lesser-included offense to a jury at the conclusion of the evidence. *Id*. at 229. The court reasoned that "[b]ecause it is [a] defendant's decision whether to initially plead guilty to a lesser charge, it should also be [the] defendant's decision to submit an instruction on a lesser charge at the conclusion of the evidence. In both instances the decisions directly relate to the potential loss of liberty on an initially uncharged offense." *Id*.

¶ 27        After expanding the list to include the decision of whether or not to tender a lesser-included offense jury instruction, the supreme court instructed that "when a lesser-included

offense instruction is tendered, \*\*\* the trial court should conduct an inquiry of defense counsel, in [the] defendant's presence, to determine whether counsel has advised [the] defendant of the potential penalties associated with the lesser-included offense, and the court should thereafter ask [the] defendant whether he [or she] agrees with the tender." *People v. Medina*, 221 Ill. 2d 394, 409 (2006). The court reasoned that an inquiry "procedure w[ould] strike the appropriate balance of inquiry and confirmation without overreaching and [would not result in] undue intervention in the attorney-client relationship." *Id.*

¶ 28    Although Burton was present when his attorney asked for a jury instruction on the lesser-included offense of criminal trespass to a vehicle, the trial transcript reveals that the court did not make the required inquiry. *Id.*

¶ 29    Having found error, our next step in plain-error review involves determining whether the error caused defendant prejudice. *People v. McLaurin*, 235 Ill. 2d 478, 495 (2009). Burton seeks to establish plain error by the relying solely on the second prong of plain-error review. "Under the second prong of plain-error review, [p]rejudice to the defendant is presumed because of the importance of the right involved, regardless of the strength of the evidence." (Emphasis omitted and internal quotation marks omitted.) *People v. Thompson*, 238 Ill. 2d 598, 613-14 (2010). Burton asserts that automatic reversal that is warranted because he was unable to exercise a fundamental right.

¶ 30    But, even an error of this magnitude does not always mandate reversal under the second prong of plain error review. Our supreme court has held that " 'automatic reversal is only required where an error is deemed "structural," *i.e.,* a systemic error which serves to "erode the integrity of the judicial process and undermine the fairness of the defendant's trial." ' " *Id.* quoting *People v. Glasper*, 234 Ill. 2d 173, 197-98 (2009) (quoting *Herron*, 215 Ill. 2d at 186).

We do not find Burton established that the circuit court's failure to make the necessary inquiry amounted to structural error.

¶ 31    We have held that a trial court's failure to ask whether a defendant agreed with the decision to tender a lesser-included offense jury instruction does not, in fact, mean that the defendant disagreed with the tender. See, *e.g.*, *People v. Williams*, 275 Ill. App. 3d 242, 247 (1995) (recognizing that where record silent as to whether defendant took part in decision to tender instruction, there can be no finding that defendant disagreed with counsel's request or suffered prejudice). Burton does not claim that he actually did not take part in the decision to tender the criminal trespass to vehicle instruction or that he disagreed with the tender.

¶ 32    Moreover, this court has found that a circuit court's failure to comply with *Medina*'s directive and inquire whether the defendant consented to the tender of a lesser-included offense instruction does not amount to a violation of that defendant's right to a fair trial, where, as here, the defendant ultimately was not convicted of the lesser offense. See *People v. Calderon*, 393 Ill. App. 3d 1, 12 (2009) ("We fail to perceive any error under *Medina* where he was not convicted of the lesser-included offense. The danger *Medina* seeks to avoid—a defendant convicted of an uncharged offense to which he unknowingly concedes liability by way of a jury instruction he has not tacitly or expressly approved—while it may have been present here, did not harm the defendant."). Accordingly, Burton has failed to meet his burden of showing that the error affected the fairness of his trial and constituted plain error under the second prong of plain-error review.

¶ 33                                    Sentence

¶ 34    Burton urges us to find that given his non-violent criminal history and other mitigating factors, his nine-year sentence was excessive. Burton concedes that his prior burglary

convictions required that he be sentenced as a Class X offender to between 6 and 30 years in prison. 730 ILCS 5/5-4.5-95(b) (West 2012). Burton points to his non-violent criminal history and mitigating factors, including his physical disabilities (he has a prosthetic leg), his mental health issues (bipolar disorder and depression), and his rehabilitative potential. Burton asks this court to reduce his sentence to the statutory minimum of six years imprisonment.

¶ 35    A trial court has broad discretionary powers in imposing a sentence (*People v. Fern*, 189 Ill. 2d 48, 53 (1999)), and generally we adhere to it. *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977); see *People v. Shaw*, 351 Ill. App. 3d 1087, 1093 (2004) (trial courts, not reviewing court, usually in best position to determine appropriate sentence). The sentencing court has the opportunity to weigh the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). We will not substitute our judgment for that of the trial court absent an abuse of discretion. *People v. Rogers*, 197 Ill. 2d 216, 223 (2001).

¶ 36    We presume that sentences within the statutory mandated guidelines are proper and will overturn or reduce a sentence: (i) affirmatively shown to greatly depart from the spirit and purpose of the law, or (ii) manifestly contrary to constitutional guidelines. *People v. Boclair*, 225 Ill. App. 3d 331, 335 (1992). A sentence promotes the spirit and purpose of the law when it reflects the seriousness of the offense and gives adequate consideration to defendant's rehabilitative potential. *Id*.

¶ 37    Burton asserts that the trial court erred by failing to give proper weight to the mitigating evidence, particularly, his physical disability, his mental health issues, and the fact that no one was harmed during the burglary. Burton also asserts that his prior criminal convictions, which qualified him as a Class X offender, were property offenses primarily related to his substance

abuse, noting that he admitted to being intoxicated on the night of the burglary. In addition, he contends the trial court failed to consider his rehabilitative potential, as demonstrated by his accomplishments in spite of his mental health and substance abuse issues, including graduation from high school and working to support his family. Burton insists that a six-year sentence, the minimum permitted under the statute, sufficiently punishes and rehabilitates him.

¶ 38        We presume the sentencing court considers mitigation evidence. See *People v. Burnette*, 325 Ill. App. 3d 792, 808 (2001); *People v. Trimble*, 220 Ill. App. 3d 338, 355-56 (1991). To rebut this presumption, a defendant must make an affirmative showing that the sentencing court did not consider the relevant factors. *People v. Canet*, 218 Ill. App. 3d 855, 864 (1991). Burton made no affirmative showing that the trial court failed to give proper weight to the mitigating evidence offered at the sentencing hearing. Thus, we find nothing to indicate that the sentencing court abused its discretion. The nine-year sentence is three years more than the minimum and 21 years less than the maximum, and does not depart greatly from either the spirit or purpose of the law nor is it manifestly contrary to constitutional guidelines.

¶ 39                                Mittimus

¶ 40        Finally, Burton argues, and the State concedes, that his mittimus must be corrected to reflect an additional 32 days spent in presentence custody for a total of 314 days (instead of 282 days). This court has the authority, under Illinois Supreme Court Rule 615(b), to order the clerk to correct the mittimus without remand. See, *e.g., People v. Flores,* 381 Ill. App. 3d 782, 789 (2008). Accordingly, we direct the clerk of the circuit court to correct the mittimus to reflect that Burton served 314 days of presentence custody.

¶ 41                                    CONCLUSION

¶ 42        We affirm Burton's burglary conviction and sentence, and order the clerk of the circuit court to correct the mittimus in accordance with this order.

¶ 43        Affirmed and mittimus corrected.