2021 IL App (1st) 181983-U

No. 1-18-1983

Order filed June 21, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 1641 |
| | ) | |
| PARRIS MCGEE, | ) | Honorable |
| | ) | Diane G. Cannon, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's conviction for armed habitual criminal is affirmed over his contention that his 16-year sentence is excessive in light of the unremarkable nature of the offense and his criminal history.

¶ 2    Following a jury trial, defendant Parris McGee was found guilty of being an armed habitual criminal (AHC) and sentenced to 16 years' imprisonment.[1] On appeal, defendant argues his

---

[1] Defendant is also known as "Paris McGee" and "Parris MaGee."

sentence is excessive because it was not warranted by the seriousness of the offense or his criminal history. For the following reasons, we affirm.

¶ 3     Defendant was charged by indictment with one count of AHC and multiple counts of unlawful use or possession of a weapon by a felon (UUWF) and aggravated unlawful use of a weapon (AUUW). The State proceeded to trial on the AHC count, which alleged that on or about January 11, 2017, defendant knowingly possessed a firearm, to wit, a .22-caliber revolver, after having been previously convicted of robbery on two occasions (720 ILCS 5/24-1.7(a) (West 2016)).

¶ 4     Chicago police officers Malcolm Brogsdale, Nicholas Smith, and Artavius Mitchell testified that on January 11, 2017, they were on routine patrol in an unmarked police vehicle. All three officers were in uniform. Around 1:30 p.m., they responded to a report of three men with covered faces exiting a white Jeep. One man was said to be wearing a green coat and another was wearing black. When the officers came upon a white jeep in a vacant lot, Brogsdale ran its plates, which came back stolen.

¶ 5     The officers then saw two men, one in a green coat and one in black, walk towards the Jeep, make eye contact with the officers, and change direction. They drove towards the two men, who again looked at the officers, stopped walking, and fled in different directions. In court, all three officers identified defendant as the man who ran eastbound.

¶ 6     As defendant ran, Brogsdale and Smith observed that he was holding his side with his right hand, which they both testified indicated to them he was concealing a weapon. Brogsdale then observed a shiny chrome revolver hanging from defendant's right jacket pocket. Brogsdale and Smith eventually cornered defendant in a gangway and Smith recovered a chrome revolver that

was sticking out of his pocket. After Brogsdale read defendant his "[*Miranda*] warnings," he stated that he carried the firearm for protection. The parties stipulated that defendant had two prior qualifying felony convictions. The jury found defendant guilty of being an AHC.

¶ 7     The presentence investigation (PSI) reflected that defendant's criminal history included prior felony convictions for: robbery in 2011, sentenced to 24 months' probation; unlawful use or possession of a weapon (UUW) in 2012, sentenced to 364 days in the Cook County Department of Corrections, time considered served; robbery in 2012, sentenced to 3 years in the Illinois Department of Corrections (IDOC); and robbery in 2013, sentenced to 6 years in the IDOC.

¶ 8     The PSI also indicated that defendant was born in 1993. His father died the year he was born, but he reported a normal childhood. Defendant did not complete high school but received a GED while in prison. Prior to the offense at issue, defendant did "odd jobs" for money. He reported that he was single, did not have any children, and denied gang affiliation.

¶ 9     The State argued in aggravation that defendant was on parole when he committed this offense and had three prior robbery convictions.

¶ 10     In mitigation, defense counsel pointed out that defendant was 25 years old and had a GED. Although he had two older siblings, he had no family in Chicago. Defendant lived with his grandmother until she died, causing him to become "virtually homeless." At the time of the offense, defendant was seeking employment through a temporary service. Defendant received minimum public assistance, and was thus "in a pretty tough spot." Defense counsel alleged that defendant suffered from PTSD and insomnia. Defendant did not have any drug or alcohol problems and wanted to learn a trade or skill so that he could become self-reliant. Defense counsel argued

that this was not a violent crime, there were no victims and no firearms were discharged. He requested a minimum sentence of six years' imprisonment.

¶ 11    In allocution, defendant stated that he received his GED while incarcerated and that, after being released, he enrolled in college classes. He asked the court to consider that he was "trying to do better."

¶ 12    In imposing the sentence, the trial court stated that it was taking the strides that defendant had made into consideration along with all the factors in aggravation and mitigation. The court noted that defendant received "opportunity after opportunity at rehabilitation," from sentences of probation to minimum sentences in the penitentiary, remarking that all of defendant's convictions involved robberies or weapons, and that defendant had "managed three felony convictions in [his] short time as an adult." Based on the nature of the charges, the facts of the case, and defendant's criminal and social history, the court found, "I don't believe, because you have made strides, a 30-year sentence would deter you. However, for your protection and, most importantly, at this time protection of society the sentence of this court is 16 years in the [IDOC]."

¶ 13    On appeal, defendant argues that the 16-year sentence imposed is not warranted by the seriousness of the offense or his criminal history. Defendant asks us to either reduce his sentence pursuant to Illinois Supreme Court Rule 615(b)(4) (eff. June 1, 2020), or remand for resentencing.

¶ 14    The Illinois Constitution states that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art I, § 11. "The trial court must base its sentencing determination on the particular circumstances of each case, considering such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and

age." *People v. Fern*, 189 Ill. 2d 48, 53 (1999). The court must also consider statutory factors in mitigation and aggravation, but need not recite and assign a value to each factor. *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38. In determining an appropriate sentence, the seriousness of the crime is the most important factor, not the presence of mitigating factors. *People v. Kelley*, 2015 IL App (1st) 132782, ¶ 94.

¶ 15　"The trial court has broad discretionary powers in imposing a sentence," and it receives great deference because, having observed the defendant and the proceedings, it has "a far better opportunity to consider these factors than the reviewing court, which must rely on the cold record." (Internal quotation marks omitted.) *People v. Alexander*, 239 Ill. 2d 205, 212-13 (2010). The reviewing court "must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently." *Fern*, 189 Ill. 2d at 53. The trial court need not recount all the mitigating and aggravating factors before imposing sentence, and there is a strong presumption that it considered all the evidence unless the record indicates to the contrary. *People v. Spicer*, 379 Ill. App. 3d 441, 469 (2007).

¶ 16　A reviewing court may not alter a sentence absent an abuse of discretion. *People v. Stacey*, 193 Ill. 2d 203, 209-10 (2000). A sentence within the statutory limits will only be deemed an abuse of discretion where it is "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *Id.* at 210. "A sentence will not be found disproportionate where it is commensurate with the seriousness of the crime and adequate consideration was given to any relevant mitigating circumstances, including the rehabilitative potential of defendant." *People v. Harris*, 2013 IL App (1st) 120498, ¶ 41.

¶ 17    Here, defendant was convicted of a Class X felony (720 ILCS 5/24-1.7(a), (b) (West 2016)), for which the applicable statutory sentencing range is not less than 6 and not more than 30 years' imprisonment (730 ILCS 5/5-4.5-25(a) (West 2016)). Thus, defendant's 16-year sentence falls within the statutory limits, and we presume the sentence is proper absent an affirmative showing that the court did not consider the relevant sentencing factors. See *People v. Burton*, 2015 IL App (1st) 131600, ¶ 38.

¶ 18    Defendant asserts the trial court abused its discretion because the seriousness of the offense is the most important factor, and there was "nothing unusually egregious about the circumstances" of defendant's possession of the firearm; he did not attempt to use it when he encountered the police or commit another offense. Defendant further argues that the court did not explain why it believed the sentence was necessary for his or society's protection, and that this "unremarkable offense" did not warrant a sentence 10 years over the minimum. Defendant also claims the court overlooked that it had been four years since his last conviction, and that his prior offenses were committed when he was "a teenager or an emerging adult" with incomplete brain development. Specifically, defendant points out that his first robbery conviction would be considered a juvenile offense under current law. See 705 ILCS 405/5-105(3) (West 2020). Defendant also claims the court failed to give adequate weight to the rehabilitative potential he demonstrated by obtaining a GED and taking college courses.

¶ 19    The record shows that the sentencing court properly relied on the PSI, the statutory factors in aggravation and mitigation, the facts of the case, and defendant's background. The court expressly noted that it had considered defendant's strides to do better, reflecting its understanding that defendant had obtained his GED and enrolled in college classes. But the court also recognized

that defendant had "managed" to obtain three felony convictions involving robberies or weapons and had committed the instant offense despite multiple opportunities for rehabilitation. See *People v. Cotton*, 393 Ill. App. 3d 237, 266 (2009) (remarking that the defendant's "failure to avail himself of the rehabilitation opportunities previously afforded him" was a proper consideration at sentencing). Finally, the court emphasized that possessing a weapon in the city streets was a dangerous and serious offense. See *Kelley*, 2015 IL App (1st) 132782, ¶ 94.

¶ 20    The court gave appropriate consideration to all of the factors in mitigation, including defendant's potential for rehabilitation, but properly concluded that those factors were outweighed by the seriousness of the offense in light of defendant's criminal history. See *People v. Teague*, 2013 IL App (1st) 110349, ¶ 36 ("a defendant's rehabilitative potential is not entitled to a greater weight than the seriousness of the offense"); *People v. Evangelista*, 393 Ill. App. 3d 395, 399 (2009) (criminal history alone may warrant a sentence substantially above the minimum). We reiterate that it is not our prerogative to rebalance the same evidence considered by the trial court and independently determine defendant's sentence is excessive. *People v. Burke*, 164 Ill. App. 3d 889, 902 (1987). Therefore, we find no abuse of discretion or reason to disturb defendant's 16-year sentence.

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 22    Affirmed.