2016 IL App (1st) 133410

THIRD DIVISION
February 3, 2016

No. 1-13-3410

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 13 CR 4127 |
| | ) | |
| ANTOINE McGUIRE, | ) | Honorable |
| | ) | Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion.
Justices Fitzgerald Smith and Lavin concurred in the judgment and opinion.

**OPINION**

¶ 1 After an evidentiary hearing, the trial court determined that defendant Antoine McGuire had violated the terms of his probation on a drug possession conviction and later sentenced him to the Cook County impact incarceration program, also known as sheriff's boot camp. One week later, the trial court held a "resentencing" hearing and sentenced McGuire to 34 months in prison with one year of mandatory supervised release. Because the reason for the resentencing is not apparent from the record, we vacate McGuire's sentence and remand for further proceedings.

¶ 2 BACKGROUND

¶ 3 On March 13, 2013, McGuire pled guilty to possession of a controlled substance (less than 15 grams of heroin) and was sentenced to 14 months of intensive drug probation. On April 25, 2013, the State filed a petition alleging that McGuire had violated the terms of his probation by not reporting to his probation officer on two occasions and by failing to enroll in an intensive drug treatment program. The trial court determined after a hearing that McGuire failed to

(i) report to his probation officer on one of the two occasions cited in the State's petition and (ii) enroll in a drug treatment program.

¶ 4        On September 30, 2013, the court held a sentencing hearing on the violation of probation. The State asked that McGuire be sentenced to prison, citing the fact that in 2009, he was convicted of aggravated assault and aggravated unlawful use of a weapon and noting he was sentenced to sheriff's boot camp but violated the conditions of that program and was resentenced to three years' imprisonment. This information was also in McGuire's presentence investigation report. In allocution, McGuire asked the judge to give him another chance so that he could "do something better with [himself] than going downstate." The judge said that he was "very impressed" with McGuire's statement and sentenced him to sheriff's boot camp. The State did not at that time inform the trial judge that McGuire was ineligible for that sentence. The court concluded the hearing by admonishing McGuire regarding his postsentencing rights.

¶ 5        One week later, on October 7, 2013, the same judge held a "resentencing" hearing. In their briefs on appeal, both McGuire and the State offered dubious explanations for the second sentencing hearing. McGuire initially speculated that the experienced trial judge might have "forgotten" that he sentenced McGuire a week earlier and, due to the presence of a prosecutor other than the one who appeared for sentencing on the violation of probation, the State was unaware of the recently imposed sentence as well. Of course, this does not explain why McGuire's counsel would not have informed the court of this obvious mistake and vigorously objected to the resentencing, which he did not.

¶ 6        For its part, the State, without any citation to the record, represented that the resentencing was prompted by McGuire's violation of the rules of the boot camp program in the intervening week. Admitting that the exact nature of McGuire's transgression was "unclear," the State

nevertheless argued that "there is no doubt that there was a violation." Thus, according to the State, when McGuire failed to comply with the conditions of the boot camp program and this was brought to the trial court's attention, the court decided, apparently on its own motion, to revoke the original sentence and impose a prison sentence instead. But the State did not explain how the court was made aware of the violation or why, if a sentence had already been imposed, a violation of its terms would not have been the subject of another violation of probation petition. See 730 ILCS 5/5-6-4 (West 2012).

¶ 7        After this matter was set for oral argument, the State, under the guise of a motion for leave to cite additional authority, admitted that its prior representation regarding McGuire's violation of the boot camp rules was in error. The State now represented that, in fact, McGuire was statutorily ineligible to be sentenced to the boot camp program because he had previously been sentenced to that program on felony convictions of aggravated assault and aggravated unlawful use of a weapon, violated the program's conditions, and was later sentenced to three years in the Illinois Department of Corrections. Under the Unified Code of Corrections, one of the conditions of eligibility for boot camp is that "[t]he person has not previously participated in the impact incarceration program." 730 ILCS 5/5-8-1.2(c)(2) (West 2012). Thus, the State argued that the original sentence ordering McGuire to participate in the boot camp program was unauthorized and, under the void sentence doctrine, could be corrected by the trial court. Although the State's position presumes that McGuire's ineligibility for boot camp was brought to the trial court's attention after the original sentence was imposed, the record lacks any indication of how this came to pass.

¶ 8        We granted the State's motion for leave to cite additional authority and allowed McGuire the opportunity to respond to the State's revised position. In response, McGuire again correctly

points out that despite its revised position, the State still does not provide any record support to establish the reason for his resentencing, although he does not dispute that the record does disclose his previous participation in the boot camp program. Moreover, citing *People v. Castleberry*, 2015 IL 116916, ¶ 1, an opinion filed after the State filed its motion, McGuire points out that our supreme court has abolished the void judgment rule. Characterizing the State's revised position (*i.e.,* that his original sentence was void because he was statutorily ineligible for boot camp) as a disguised cross-appeal, McGuire further argues that the State's attempt to "piggyback" this issue onto his appeal is improper.

¶ 9        McGuire requests an order remanding the matter for sentencing "within the appropriate statutory limits." McGuire does not articulate what the "appropriate statutory limits" are. The State requests that McGuire's prison sentence be affirmed.

¶ 10                                              ANALYSIS

¶ 11        McGuire argues that his 34-month prison sentence is invalid because it violates section 5-4.5-50 of the Unified Code of Corrections (730 ILCS 5/5-4.5-50 (West 2012)), which provides that the circuit court "may not increase a sentence once it is imposed." McGuire concedes that he has forfeited review of this argument by failing to raise it at the resentencing hearing or in a postsentencing motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988); *People v. Bannister*, 232 Ill. 2d 52, 76 (2008). He nevertheless contends that we should consider it under the plain error doctrine, which allows reviewing courts to consider unpreserved claims of error if the evidence is closely balanced or the error is so serious that it denied the defendant a fair hearing. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 12        There is a good case to be made that this is an appropriate case to honor McGuire's procedural default without addressing the merits of his claim on appeal by means of a plain error

analysis. As Illinois courts have often noted, plain error is a "narrow and limited exception" to the general forfeiture rule. *People v. Hillier,* 237 Ill. 2d 539, 545 (2010); see also *People v. Herron*, 215 Ill. 2d 167, 177 (2005) (quoting *People v. Hampton*, 149 Ill. 2d 71, 100 (1992) (same)). Generally, in the sentencing context, errors not brought to a trial court's attention via a contemporaneous objection at the sentencing hearing and a motion to reconsider sentence are deemed forfeited. *Hillier*, 237 Ill. 2d at 544. The sentence McGuire received—34 months—is within the statutory range for the felony offense of which he was originally convicted. See 720 ILCS 570/402(c) (West 2012); 730 ILCS 5/5-4.5-45(a) (West 2012). Thus, it is presumptively valid. *People v. Saunders*, 135 Ill. App. 3d 594, 607 (1985).

¶ 13    Our supreme court recently resolved a criminal appeal involving allegations raised for the first time on appeal regarding an allegedly coerced confession solely on the basis that those arguments had been forfeited as a result of defendant's failure to preserve them in the trial court. *People v. Hughes*, 2015 IL 117242, ¶ 46. Although defendant urged application of plain error as a means to review the merits of his forfeited claims, four members of the court stopped at forfeiture. *Id.*; see *id.* ¶ 71 (Burke, J., specially concurring, joined by Thomas and Kilbride, JJ., asserting that the court should have engaged in a plain error analysis). The court observed: "By declining or failing to raise these claims below, defendant deprived the State of the opportunity to challenge them with evidence of its own, he deprived the trial court of the opportunity to decide the issues on those bases, and he deprived the appellate court of an adequate record to make these determinations." *Id.* ¶ 46 (majority opinion). Given the prevalence of "forfeiture aside" analyses in reported appellate decisions, we do not view the court's failure to address plain error in *Hughes* as an oversight.

¶ 14       Here, the error McGuire asks us to address is so obvious that we find it difficult to justify reaching its merits by means of a plain error analysis. If, as McGuire posits, his "resentencing" was the product of an oversight both by the trial court and the State, coupled with his lawyer's silence when a prison sentence was imposed, we can perceive no reason why this would not have been brought to the trial court's attention by way of a motion to reconsider sentence. And this failure, given the other gaps in the record, has deprived us of an adequate record on which to evaluate McGuire's claims. Under these circumstances, proceeding to address the merits of the claim raised for the first time on appeal under plain error transforms that doctrine into a "catchall" means of obtaining appellate review rather than the "narrow and limited exception" to forfeiture it has long been held to be.  See *People v. Herron*, 215 Ill. 2d 167, 177 (2005) (plain error doctrine not "a general saving clause" permitting review of all unpreserved error (internal quotation marks omitted)).

¶ 15       Further, we reject McGuire's suggestion that the trial court was without authority to correct the erroneous sentence if, in fact, that was the purpose of the resentencing hearing. A circuit court has the intrinsic power to reconsider and correct its own rulings. See *People v. Mink*, 141 Ill. 2d 163, 171 (1990) ("A court in a criminal case has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority."). The elimination of the void sentence doctrine has no bearing on the circuit court's intrinsic authority.  At the time he was resentenced, McGuire had not yet filed a notice of appeal and thus the circuit court retained jurisdiction.  *People v. Foster*, 309 Ill. App. 3d 1, 7-8 (1999).

¶ 16       Nevertheless, while we believe the record supports resolution of this appeal based on forfeiture alone, as we have noted above, the record is lacking any explanation for the resentencing hearing that was conducted one week after McGuire was sentenced to boot camp.

This is a failure attributable both to the State and to McGuire. Thus, while it may well be that all parties recognized shortly after the original sentence was imposed that McGuire was ineligible for boot camp, there is nothing we can point to in the record to support this conclusion. Consequently, we believe the better course is to vacate McGuire's sentence and remand this matter for a new sentencing hearing so that reasons for the sentence imposed are included in the record.

¶ 17                                          CONCLUSION

¶ 18          For the foregoing reasons, McGuire's sentence is vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.

¶ 19          Sentence vacated; remanded for further proceedings.