2022 IL App (1st) 201170-U
Order filed: June 30, 2022

FIRST DISTRICT
FOURTH DIVISION

No. 1-20-1170

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 02 CR 30355 |
| | ) | |
| ADRIAN GABRIEL, | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Reyes and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's aggregate 39-year sentence is affirmed, where he failed to show that the circuit court did not consider the relevant sentencing factors contained in section 5-4.5-105 of the Unified Code of Corrections.

¶ 2    Defendant-appellant, Adrian Gabriel, appeals from the aggregate 39-year sentence which he received upon resentencing for multiple aggravated criminal assault convictions defendant received for offenses he committed when he was 15 years old. On appeal, defendant contends that the circuit court failed to consider all the relevant sentencing factors contained in section 5-4.5-105 of the Unified Code of Corrections. 730 ILCS 5/5-4.5-105 (West 2020). For the following reasons, we affirm.

¶ 3 The procedural history of this matter is extensive, and we therefore restate only those facts necessary for our resolution of this appeal. In December 2002, defendant and a codefendant were charged by indictment with multiple counts of aggravated criminal sexual assault, armed robbery, and aggravated kidnapping, as well as a single count alleging the commission of a hate crime. Each count involved an incident allegedly occurring on or about November 19, 2002. A bench trial on those charges was held in 2004.

¶ 4 At trial, the evidence established that defendant was 15 years old on November 19, 2002, when he and others forced two victims to enter a garage where the two victims were forced to perform various sex acts. When defendant discovered that one of the victims, C.B., was a transgender individual, C.B. was harassed and threatened, as well as further physically and sexually assaulted. Defendant stole money from C.B. before she was able to escape and call the police. Defendant was found guilty of six counts of aggravated criminal sexual assault, aggravated kidnapping, and committing a hate crime.

¶ 5 Defendant was then sentenced to consecutive terms of 8 years in prison on each of the 6 aggravated criminal sexual assault counts, as well as concurrent sentences of 15 years' imprisonment for one count of aggravated kidnapping and 3 years' imprisonment for one count of committing a hate crime. On direct appeal, this court vacated defendant's conviction for aggravated kidnapping on one-act, one-crime principles and amended the mittimus to reflect the proper presentence credit. *People v. Gabriel*, 1-04-2385 (2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6 On February 29, 2008, defendant filed an initial postconviction petition under the Post-Conviction Hearing Act. 725 ILCS 5/122-1 *et seq*. (West 2008). After that petition was summarily dismissed by the circuit court, this court affirmed the dismissal as the record on appeal was

incomplete and insufficient to allow for appellate review. *People v. Gabriel*, 2011 IL App (1st) 081531-U.

¶ 7    On December 21, 2017, defendant filed a motion in the circuit court seeking leave to file a successive postconviction petition asserting—*inter alia*—that his "sentence should be vacated and remanded for a new sentencing hearing which takes into account all of the factors mandated by law which concern his youth at the time of the offense." The circuit court denied this motion, and on appeal from that order this court granted defendant's motion for summary disposition and entered an order remanding this matter to the circuit court "with instructions to vacate [defendant's] sentence and to re-sentence [defendant] according to the holding in *People v. Buffer*, 2019 IL 122327." *People v. Gabriel*, 1-18-1805 (June 7, 2019).

¶ 8    Upon remand, the circuit court entered an order vacating defendant's prior sentence, obtained an updated presentence investigation report, and reviewed a psychiatric report on defendant that was contained in the court file. The circuit court also recognized that it was to resentence defendant on the six aggravated criminal sexual assault convictions pursuant to the decision in *Buffer*, 2019 IL 122327, ¶¶ 40-42, in which our supreme court held that any sentence of over 40 years' imprisonment is a *de facto* life sentence that requires a sentencing court to consider a minor defendant's youth and attendant characteristics. The circuit court then confirmed with the State and defense counsel that—if the facts warranted it and the relevant factors were found to be present—the court could potentially resentence defendant to a *de facto* life sentence of more than 40 years' imprisonment. Of note, neither of the parties nor the circuit court ever specifically addressed the appropriate sentence for the hate crime count, with the circuit court specifically indicating its belief that only the six aggravated criminal sexual assault convictions were "before me."

¶ 9      In aggravation, the State read a victim impact statement from C.B. into the record and asked the circuit court to consider the testimony and evidence introduced at the original sentencing hearing. The State also noted that defendant had two prior juvenile adjudications of delinquency for residential burglary and ethnic intimidation, with the intimidation adjudication involving an incident in which defendant stabbed a man after he "made a pass" at one of defendant's male friends. Noting that the minimum sentence for the 6 counts of aggravated criminal sexual assault would amount to a total of 36-years' imprisonment, and that anything over 40 years' imprisonment would amount to a *de facto* life sentence, the State asked for a sentence of 40 years' imprisonment considering: (1) "the extreme violence, extreme brutality, multiple sexual assaults that were committed," and (2) the fact that the original sentencing judge found that there was a "chance for his rehabilitation" considering defendant's youth.

¶ 10      In mitigation, defense counsel commenced by stressing that "sentencing has changed since 2002" and decisions such as *Buffer* require the court to "take into account my client's age at the time." Defense counsel then noted that while defendant's actions in this case were "horrendous," defendant was only 15 years old when he committed these crimes. Defendant also had a troubled childhood, where his father died when defendant was 7 years old, his mother and stepfather were addicted to drugs, he was kicked out of the family home on many occasions, he was the victim of sexual abuse himself, and defendant was ultimately made a ward of the court. Noting that juveniles lack maturity and are susceptible to negative influences, defense counsel also noted that juveniles are capable of change. Defendant had demonstrated such positive change while incarcerated, by having only minor infractions and by completing various educational programs, including earning his GED. After defendant made a statement in allocution in which he took responsibility for his actions and expressed remorse, defense counsel asked the circuit court to impose a minimum

aggregate sentence of 36 years' imprisonment considering all the relevant factors, most importantly the fact that defendant was only 15 years old at the time he committed these crimes.

¶ 11    In announcing its sentence, the circuit court began by noting that at the original sentencing hearing defendant apologized to his mother but did not apologize to C.B. The court also highlighted defendant's two juvenile adjudications and defendant's "horrible" actions in this case, in which "[e]verything you can possibly do in a sexual context, he did it to [C.B.]." The court acknowledged defendant's troubled past, including his prior juvenile treatment for "explosive disorder," as well as the fact that defendant "has done a lot of good things while he was in custody."

¶ 12    The circuit court then rejected defendant's request for a minimum sentence, while also finding that "based on what I heard today" 40 years' imprisonment would be the "maximum." Defendant was then sentenced to 6.5 years' imprisonment on each of the 6 aggravated criminal assault convictions, for a total aggregate sentence of 39 years' imprisonment. The circuit court noted that with sentencing credit defendant would "still be a young man *** less than 50 years old" when he was released from prison, and encouraged defendant to continue his education in prison and "hopefully change your ways once you get out." Again, the hate crime count was never specifically addressed, and the sentencing order only contains sentences for the six aggravated criminal sexual assault convictions.

¶ 13    Defendant timely appealed. On appeal, defendant contends that this matter must be remanded for resentencing due to the circuit court's failure to *expressly* consider several of the factors contained in section 5-4.5-105 of the Unified Code of Corrections. 730 ILCS 5/5-4.5-105 (West 2020). Before addressing the merits of that argument, however, we briefly discuss and clarify this court's jurisdiction over this matter, considering the fact that defendant was not resentenced on the hate crime count upon remand.

¶ 14 Our jurisdiction extends only to "final judgments." Ill. Const. 1970, art. VI, § 6. And, as our supreme court has explained, "it is axiomatic that there is no final judgment in a criminal case until the imposition of sentence, and, in the absence of a final judgment, an appeal cannot be entertained." *People v. Flores*, 128 Ill. 2d 66, 95 (1989). Where a defendant is found guilty of multiple offenses, but sentences are not imposed for each offense, an appellate court only has jurisdiction to address those convictions for which sentences were imposed and lacks jurisdiction to consider "unsentenced convictions." *People v. Relerford*, 2017 IL 121094, ¶ 75.

¶ 15 Here, when the circuit court vacated defendant's prior sentences pursuant to our remand order it did so in toto. This left defendant unsentenced for the six aggravated criminal sexual assault counts and single hate crime count for which he was found guilty, excepting only the aggravated kidnapping conviction that was previously vacated by this court on direct appeal. However, defendant was never resentenced for the hate crime count upon remand and therefore no final order with respect to that offense has been entered. We therefore only have jurisdiction to consider the six aggravated criminal sexual assault counts for which defendant received sentences.

¶ 16 Under the Illinois Constitution, a trial court shall impose a sentence that reflects both "the seriousness of the offense" and "the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11; *People v. McWilliams*, 2015 IL App (1st) 130913, ¶ 27. "[T]he trial court has broad discretionary powers in imposing a sentence." *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). The trial court receives "substantial deference" on sentencing decisions because the court, having directly observed the defendant and the proceedings, is in the superior position to weigh factors including "the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age." *People v. Snyder*, 2011 IL 111382, ¶ 36.

¶ 17 A sentence within statutory guidelines is presumed proper (*People v. Knox*, 2014 IL App

(1st) 120349, ¶ 46) and will only be disturbed where there is an abuse of discretion (*People v. Jones*, 168 Ill. 2d 367, 373-74 (1995)). An abuse of discretion exists where a sentence within statutory limits is "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *Stacey*, 193 Ill. 2d at 210. In reviewing a defendant's sentence, this court "must not substitute its judgment for that of the trial court merely because it would have weighed [the] factors differently." (Internal quotation marks omitted.) *People v. Alexander*, 239 Ill. 2d 205, 213 (2010). Despite defendant's contention on appeal to the contrary, we apply an abuse of discretion standard to his arguments regarding the circuit court's purported failure to properly apply section 5-4.5-105. *People v. Kindle*, 2021 IL App (1st) 190484, ¶¶ 65-67; *People v. Villalobos*, 2020 IL App (1st) 171512, ¶¶ 71-73.

¶ 18    Furthermore, a court is "not required to recite or assign a value to each mitigating and aggravating factor in the record." *Kindle*, 2021 IL App (1st) 190484, ¶ 74. We will presume "that the trial court properly considered all mitigating factors and rehabilitative potential before it, and the burden is on defendant to affirmatively show the contrary." *People v. Johnson*, 2020 IL App (1st) 162332, ¶ 95. Defendant's contention on appeal once again to the contrary, this presumption also applies to defendant's contention that the circuit court improperly failed to *expressly* consider several of the factors contained in section 5-4.5-105. *Kindle*, 2021 IL App (1st) 190484, ¶ 73; *Villalobos*, 2020 IL App (1st) 171512, ¶ 74. Ultimately, "the seriousness of an offense, and not mitigating evidence, is the most important factor in sentencing" (*People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11), and "the presence of mitigating factors neither requires a minimum sentence nor precludes a maximum sentence" (*People v. Jones*, 2014 IL App (1st) 120927, ¶ 55).

¶ 19    Here, defendant was sentenced as a Class X offender to 6.5 years' imprisonment for each of his aggravated criminal sexual assault convictions, well within the statutory range of 6 to 30

years. See 720 ILCS 5/12-14(d) (West 2002) (certain aggravated criminal sexual assault convictions shall be sentenced as a Class X offender); 730 ILCS 5/5-4.5-25(a) (West 2020) (for Class X felonies, the sentencing range is 6 to 30 years' imprisonment). Thus, we presume his aggregate 39-year sentence was proper absent some indication otherwise. *People v. Burton*, 2015 IL App (1st) 131600, ¶¶ 36, 38 (A defendant "must make an affirmative showing that the sentencing court did not consider the relevant factors.").

¶ 20    To make this showing, defendant faults the circuit court for its purportedly improper failure to *expressly* consider several of the factors contained in section 5-4.5-105 of the Unified Code of Corrections, which provides:

"(a) On or after the effective date of this amendatory Act of the 99th General Assembly, when a person commits an offense and the person is under 18 years of age at the time of the commission of the offense, the court, at the sentencing hearing conducted under Section 5-4-1, shall consider the following additional factors in mitigation in determining the appropriate sentence:

(1) the person's age, impetuosity, and level of maturity at the time of the offense, including the ability to consider risks and consequences of behavior, and the presence of cognitive or developmental disability, or both, if any;

(2) whether the person was subjected to outside pressure, including peer pressure, familial pressure, or negative influences;

(3) the person's family, home environment, educational and social background, including any history of parental neglect, physical abuse, or other childhood trauma;

(4) the person's potential for rehabilitation or evidence of rehabilitation, or

both;

(5) the circumstances of the offense;

(6) the person's degree of participation and specific role in the offense, including the level of planning by the defendant before the offense;

(7) whether the person was able to meaningfully participate in his or her defense;

(8) the person's prior juvenile or criminal history; and

(9) any other information the court finds relevant and reliable, including an expression of remorse, if appropriate. However, if the person, on advice of counsel chooses not to make a statement, the court shall not consider a lack of an expression of remorse as an aggravating factor." 730 ILCS 5/5-4.5-105 (West 2020).

¶ 21    As an initial matter, the State contends on appeal that this statute is simply inapplicable here where defendant committed his crimes before the effective date of the act adding this section to the Unified Code of Corrections. Defendant contends otherwise. We need not wade into that debate, as even assuming this section applied to defendant's resentencing, defendant's argument on appeal is unpersuasive.

¶ 22    First, we reiterate that a court is not "required to recite or assign a value to each mitigating and aggravating factor in the record" (*Kindle*, 2021 IL App (1st) 190484, ¶ 74), and we will presume "that the trial court properly considered all mitigating factors and rehabilitative potential before it, and the burden is on defendant to affirmatively show the contrary" (*Johnson*, 2020 IL App (1st) 162332, ¶ 95). This presumption applies to defendant's contention that the circuit court improperly failed to *expressly* consider several of the factors contained in section 5-4.5-105. *Kindle*, 2021 IL App (1st) 190484, ¶ 73; *Villalobos*, 2020 IL App (1st) 171512, ¶ 74. As there is

nothing affirmative in the record to the contrary, it is appropriate to apply this presumption here.

¶ 23    Second, the record here actually reflects that the circuit court did explicitly address some of the statutory factors defendant contends were not specifically addressed. While defendant contends the court never "referenced the fact that Adrian was barely 15 years old at the time of the instant offenses," the circuit court was repeatedly reminded of the evidence of this fact at resentencing, and specifically noted that defendant would "*still* be a young man *** less than 50 years old" when he was released from prison. (Emphasis added.) Defendant next complains that the circuit court did not make findings as to how defendant's young age affected his impetuosity and maturity at the time of the offenses. The statute, however, only requires a court to "consider" the relevant factors, and the relevant subsection actually requires the court to consider a defendant's "impetuosity, and level of maturity at the time of the offense, including the ability to consider risks and consequences of behavior, and the presence of cognitive or developmental disability." 730 ILCS 5/5-4.5-105(a)(1) (West 2020). The circuit court specifically referenced defendant's prior diagnosis with explosive disorder as a juvenile.

¶ 24    Furthermore, while defendant notes that the circuit court did not make any findings as to whether defendant was "subjected to outside pressure, including peer pressure, familial pressure, or negative influences," (730 ILCS 5/5-4.5-105(a)(2) (West 2020)), he fails to recognize that there was simply no evidence presented that these factors were present in this case. Finally, it may well be true that the circuit court did not specifically "make any findings relative to the fact that Adrian had been sexually abused as a child, or that his father died when Adrian was just seven years old and he was then raised by his mother, who was a drug addict, and eventually a stepfather who was also a drug addict," and that such history was relevant under the statute. 730 ILCS 5/5-4.5-105(a)(3) (West 2020). However, we again note that the statute only requires a court to "consider"

the relevant factors and the circuit court was simply not required to *expressly* consider each of the factors contained in section 5-4.5-105. *Kindle*, 2021 IL App (1st) 190484, ¶ 73; *Villalobos*, 2020 IL App (1st) 171512, ¶ 74.

¶ 25     Given the deference we owe to sentences within the statutory range (*People v. Vega*, 2018 IL App (1st) 160619, ¶ 64), coupled with the circuit court's careful consideration of the factors in aggravation and mitigation and the presumptions discussed above, we do not see a justification to disturb the circuit court's sentencing judgment.

¶ 26     For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 27     Affirmed.